**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**


ALTON J. EASLEY,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 07-4110-MWB
(No. CR 05-4107-MWB)

**MEMORANDUM OPINION AND**
**ORDER REGARDING**
**PETITIONER'S § 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Charges, Trial, Sentence, And Appeals* . . . . . . . . . . . . . . . . . . . 2
    *B. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . 5
    *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        *1. Need for an evidentiary hearing* . . . . . . . . . . . . . . . . . . 7
        *2. Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *C. Lack Of Jurisdiction For The § 851 Enhancement* . . . . . . . . . . . . . 9
        *1. Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . . 9
        *2. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *D. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . 11
        *1. Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . 11
        *2. Easley's claims* . . . . . . . . . . . . . . . . . . . . . . . . . . 14
            *a. Failure to object to the § 851 enhancement* . . . . . . . 14
            *b. Waiver of right to cross-examine the chemist* . . . . . . 15
            *c. Failure to object to improper closing argument* . . . . . 16
            *d. Failure to object to irrelevant evidence* . . . . . . . . . 18
            *e. Failure to challenge the existence of the conspiracy* . . 19
            *f. Failure to challenge multiplicitous counts* . . . . . . . . 22

    *E. Prosecutorial Misconduct* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
        *1.     Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . . 24
        *2.     Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
    *F. Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

This matter comes before the court pursuant to petitioner Alton J. Easley's December 17, 2007, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1). Easley asserts the court's lack of jurisdiction to impose a sentencing enhancement for a prior felony drug conviction, ineffective assistance of counsel, in various respects, by the attorney who represented him at both trial and on appeal, and prosecutorial misconduct, also in various respects. The respondent contends that Easley is not entitled to relief on any of the grounds that he raises.

## I. INTRODUCTION

### A. Charges, Trial, Sentence, And Appeals

Petitioner Alton J. Easley was the sole defendant in a two-count Indictment (CR 05-4107, docket no. 1) handed down October 12, 2005. Count 1 of the Indictment charged Easley with possession with intent to distribute 5 grams or more of crack cocaine on or about September 2, 2005, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and Count 2 charged him with conspiracy to distribute 50 grams or more of crack cocaine, from about September 2003 through September 2, 2005, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), and 846. Easley was arraigned on the charges on October 28, 2005, and entered a plea of not guilty. CR 05-4107, docket no. 12.

Easley's counsel filed a Motion To Suppress (CR 05-4107, docket no. 16) on November 23, 2005, pertaining to evidence obtained by law enforcement officers during the arrest of Easley and another man in Omaha, Nebraska, on July 21, 2005, and evidence obtained during a search of a motel room in Sioux City, Iowa, on September 2, 2005. That Motion To Suppress was ultimately denied on January 25, 2006. Order Accepting Report and Recommendation (CR 05-4107, docket no. 40).

On December 6, 2006, well before trial, the prosecution filed a Notice Of Intent To Seek Enhanced Penalties Pursuant To 21 U.S.C. § 851 (§ 851 Notice) (CR 05-4107, docket no. 23), notifying Easley of the prosecution's intent to seek enhanced punishment on the federal charges on the basis of a prior conviction for possession of cocaine in Wyandotte County, Kansas District Court, on or about March 27, 1997, in Case No. 96CR02225. The Notice stated that the enhancement for a "prior conviction for a felony drug offense" would result in a 10-year statutory mandatory minimum sentence, with at least 8 years of supervised release, on Count 1, and a 20-year statutory mandatory minimum sentence, with at least 10 years of supervised release, on Count 2. Easley did not object to the Notice or challenge the prior conviction on which it was based either before or during trial or thereafter, before or during his sentencing hearing.

Easley proceeded to jury trial on February 6, 7, and 8, 2006. The jury convicted Easley on both counts of the Indictment on February 8, 2006. At a sentencing hearing on May 2, 2006, the undersigned sentenced Easley to the statutory mandatory minimum sentence of 240 months (20 years) on Count 2 and a concurrent sentence of 240 months (20 years) on Count 1, to be served concurrently.

Easley appealed his conviction to the Eighth Circuit Court of Appeals, *see* CR 05-4107, docket no. 83, asserting that the trial court improperly denied his Motion To Suppress, but the Eighth Circuit Court of Appeals affirmed his conviction. *See United States v. Easley*, 217 Fed.Appx. 579 (8th Cir. 2007); *see also* CR 05-4107, docket no. 98. Easley then filed a petition for writ of certiorari to the United States Supreme Court, *see* CR 05-4107, docket no. 101, but the Supreme Court denied his petition on October 1, 2007. *See Easley v. United States*, 128 S. Ct. 187 (2007); *see also* CR 05-4107, docket no. 103.

### B. The § 2255 Motion

Easley filed his *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1) on December 17, 2007. As clarified in his accompanying brief, Easley's grounds for relief are the following: (1) the district court lacked jurisdiction to enhance his mandatory minimum sentence pursuant to 21 U.S.C. § 851, because notice of the enhancement was not included in the Indictment in this case; (2) his counsel provided ineffective assistance at trial and on appeal, in numerous respects; and (3) the prosecutor engaged in misconduct by making improper conduct and introducing irrelevant evidence. Easley seeks a new trial or vacation of his conviction.

After an extension of time to do so, the respondent filed a Court Ordered Response To Petitioner's Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (docket no. 5) on February 26, 2008, accompanied by an affidavit of Easley's counsel at trial and on appeal. Easley then filed a *pro se* Reply (docket no. 6), denominated a "Traverse," on April 1, 2008.

Easley's § 2255 Motion is now fully submitted.

4

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Easley's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v.*

> *Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71
> L. Ed. 2d 816 (1982), or a showing that the alleged errors
> were fundamental defects resulting in a complete miscarriage
> of justice. *See United States v. Smith*, 843 F.2d 1148, 1149
> (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to

support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Easley's claims for § 2255 relief.

### B. Preliminary Matters

#### 1. Need for an evidentiary hearing

Easley has not expressly requested an evidentiary hearing on his § 2255 Motion. Nevertheless, the court will consider whether it is required to hold such a hearing. "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C.

§2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Easley's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief.

## 2. Procedural default

The respondent asserts that several of Easley's claims are procedurally defaulted, because it appears that those claims were not raised before this court or on direct appeal. *See Ramey,* 8 F.3d at 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson*, 278 F.3d at 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)).

The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, the court finds that Easley's "ineffective assistance" claims are properly raised in a § 2255 motion.

As noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may also include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. Here, Easley's claims that are not identified, in the first instance, as "ineffective assistance of counsel" claims—his challenges to the court's jurisdiction to

impose a § 851 enhancement and his claims of prosecutorial misconduct—nevertheless have companion claims in which Easley asserts that his counsel was ineffective for failing to object to those errors. Therefore, the court assumes, but does not necessarily find, that Easley can overcome procedural default on all of his claims, on the basis of "ineffective assistance of counsel," and the court will consider all of his claims on their merits.

### C. Lack Of Jurisdiction For The § 851 Enhancement

#### 1. Arguments of the parties

Easley's first claim for § 2255 relief is that this court lacked jurisdiction to enhance his sentence pursuant to 21 U.S.C. § 851, for a prior felony drug conviction, because the prosecution failed to comply strictly with the procedural requirements of § 851. Specifically, Easley asserts that § 851 was not included in the Indictment nor did he waive that requirement. Thus, he contends that a § 851 enhancement was unconstitutional in his case. The respondent asserts that Easley procedurally defaulted this claim, but to the extent that Easley asserts that his counsel was ineffective for failing to raise this claim at trial or on appeal, the respondent contends that it gave proper notice of its intent to seek enhanced penalties by filing its § 851 Notice (CR 05-4107, docket no. 23), and that counsel avers in his affidavit that he did not object to the § 851 Notice, because Easley had indicated to him that he had, in fact, been convicted as the respondent alleged in the § 851 Notice. In his reply, Easley reiterates his argument that the § 851 enhancement was improper, because the § 851 enhancement was not prosecuted by indictment.

#### 2. Analysis

Easley's jurisdictional challenge is based on a misreading of § 851. Nothing in § 851 requires that notice of the enhancement for a prior felony drug conviction must be

stated in the indictment on the charges for which an enhancement is sought. Rather, the statute provides, in pertinent part, as follows:

> (2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

21 U.S.C. § 851(a)(2). The plain language of the statute, thus, provides that the "offense for which such increased punishment may be imposed" that must be prosecuted by indictment (or for which the defendant must waive prosecution by indictment) is the federal offense to be enhanced, not the prior conviction on which the enhancement is based.[1] *See United States v. Craycraft*, 167 F.3d 451, 454 (8th Cir. 1999) ("[T]his Court has held that the 'offense for which such increased punishment may be imposed' is the instant federal

---

[1]This court has pointed out, on numerous occasions, that the first approach to statutory interpretation is the "plain language" of the statute in question. *See, e.g., B & D II,* 332 F. Supp. 2d at 1210; *Kinkaid v. John Morrell & Co.,* 321 F. Supp. 2d 1090, 1103 n. 3 (N.D. Iowa 2004) (citing such reiterations); *accord United States v. Cacioppo,* 460 F.3d 1012, 1016 (8th Cir. 2006). The Supreme Court describes this rule as the "one, cardinal canon before all others." *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Id.* (citing *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241-42, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989); *United States v. Goldenberg,* 168 U.S. 95, 102-03, 18 S. Ct. 3, 42 L.Ed. 394 (1897); *Oneale v. Thornton,* 10 U.S. (6 Cranch) 53, 68, 3 L.Ed. 150 (1810)). When the language of the statute is plain, the inquiry also ends with the language of the statute, for in such instances "the sole function of the courts is to enforce [the statute] according to its terms." *Ron Pair,* 489 U.S. at 241, 109 S. Ct. 1026 (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S. Ct. 192, 61 L.Ed. 442 (1917)); *Cacioppo,* 460 F.3d at 1016 ("Where the language is plain, we need inquire no further.") (citing *Ron Pair,* 489 U.S. at 241, 109 S. Ct. 1026).

offense being prosecuted rather than the prior conviction used for enhancement purposes." (citing cases)). The statute just as plainly does *not* require that the § 851 notice must be included in the indictment; rather, the statute expressly provides that notice of the prosecution's intent to seek an enhanced penalty based on a prior felony drug offense must be given by filing a separate "information . . . stating in writing the previous convictions to be relied upon" for the enhancement. 21 U.S.C. § 851(a)(1). The prosecution met that requirement in this case by filing an adequate "information" in the form of its § 851 Notice (CR 05-4107, docket no. 23).

Easley is not entitled to any relief on his jurisdictional challenge to the § 851 enhancement.

## D. Ineffective Assistance Of Counsel

Easley asserts that his counsel was ineffective in numerous ways at trial and on appeal. Before addressing Easley's various allegations of ineffective assistance, the court will summarize the standards applicable to an ineffective assistance of counsel claim.

### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the

petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There

are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. Easley's claims

Easley asserts that his counsel provided ineffective assistance at trial and on appeal, in the following respects: (a) failing to object to the § 851 enhancement because it was not included in the Indictment; (b) waiving Easley's right to cross-examine the chemist who allegedly tested the drugs involved in the case; (c) failing to object to improper closing arguments of the prosecutor stating that Easley had been convicted of drug trafficking in Omaha, when that charge was still pending at the time of trial; (d) failing to object to evidence that was irrelevant to the charges in the Indictment, consisting of drugs seized in Omaha in July 2005; (e) failing to challenge the existence of the conspiracy at trial or on direct appeal; and (f) failing to challenge Counts 1 and 2 as charging the same offense at trial and on direct appeal. The court will consider each of these claims in turn.

#### a. Failure to object to the § 851 enhancement

Just as Easley asserted that the court lacked jurisdiction to impose a § 851 enhancement, because the enhancement was not included in the Indictment in his criminal case, he also asserts that his trial counsel was ineffective in failing to raise the jurisdictional flaw. He argues that he was prejudiced by counsel's deficient performance, because he was sentenced to an enhanced mandatory minimum sentence that was double what would otherwise have been applicable. The respondent contends that it gave proper notice of its intent to seek enhanced penalties by filing its § 851 Notice (CR 05-4107, docket no. 23), and points out that counsel avers in his affidavit that he did not object to the § 851 Notice, because Easley had indicated to him that he had, in fact, been convicted as the prosecution alleged in that Notice.

Easley's counsel did not perform deficiently nor did any deficiency prejudice Easely, because, as explained above, there was no deficiency in the prosecution's § 851 Notice. Because there was no flaw in the § 851 Notice, and because Easley had admitted

to his counsel that he had committed the prior offense identified in the § 851 Notice, counsel did not perform deficiently by refusing to assert a frivolous objection to the § 851 enhancement or to the court's jurisdiction to impose such an enhancement. *See Strickland*, 466 U.S. at 689 (counsel does not render ineffective assistance by failing to make frivolous arguments); *see also Davis*, 406 F.3d at 510 (counsel did not provide ineffective assistance where no viable appellate claim existed). Moreover, because there was no flaw in the § 851 Notice or enhancement, Easley could not have been prejudiced by his counsel's failure to raise an objection to the court's jurisdiction to impose that enhancement, as there is no "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same).

Easley is not entitled to relief on this claim.

### b. *Waiver of right to cross-examine the chemist*

Next, Easley asserts that his counsel was ineffective, because he waived Easley's right to cross-examine the chemist who allegedly tested the drugs involved in the case. Easley contends that he was prejudiced by counsel's deficient performance, because there was no basis for the jury to determine that the chemist's analysis was reliable, resulting in his conviction based on speculation that the substance that he allegedly possessed was crack cocaine. The respondent points out that, prior to trial, Easley entered into a written stipulation as to the admissibility of laboratory reports, which both Easley and his counsel signed, and which is appended to the respondent's brief as Exhibit 3. The respondent also points to counsel's affidavit, in which he avers that he discussed the issue with Easley and that Easley decided to enter into the stipulation. The respondent suggests that entering into the stipulation was reasonable trial strategy and observes that Easley points to no evidence

suggesting that the laboratory testing was compromised or performed incorrectly.  Easley contends that it was not reasonable trial strategy for counsel to coerce an uneducated defendant to waive his right to confront an expert witness.

Again, the court finds that counsel did not perform deficiently.  First, it appears that, by stipulating to admission of the laboratory reports, Easley's counsel was carrying out the wishes of his client, after properly advising him of his right to challenge the laboratory reports and to confront the chemist.  *See United States v. Martinez-Salinas*, 573 F.3d 595, 599 (8th Cir. 2009) (counsel does not act ineffectively by trying to carry out the client's wishes).  The record shows that Easley himself signed the stipulation, and his *post hoc* assertion that he did not understand what he was agreeing to is not persuasive in light of counsel's affidavit.  Moreover, stipulating to the laboratory reports was a decision based on reasonable trial strategy in which the attorney sought to disprove other elements of the charges, rather than the drug type.  *See Lemmon v. United States*, 335 F.3d 1095, 1095-96 (8th Cir. 2003).  Because Easley has failed to show deficient performance by counsel, the court need proceed no further in its analysis of this "ineffective assistance" claim.  *Walker*, 324 F.3d at 1040.

Easley is not entitled to relief on this claim.

### c.    *Failure to object to improper closing argument*

Easley also contends that his counsel was ineffective for failing to object to improper closing arguments of the prosecutor stating that Easley had been convicted of a drug-trafficking offense in Omaha, when that charge was still pending at the time of trial in his federal case.  He contends that reference to a non-existent prior conviction was prejudicial and prevented him from receiving a fair trial.  The respondent argues that Easley does not point to anything in the record to support his claim and that Easley's counsel has averred that he does not recall that the prosecution ever stated during closing

arguments that Easley had a drug-trafficking conviction in Omaha, Nebraska. Even assuming that an improper statement was made, however, the respondent asserts that Easley was not prejudiced by that statement, where the prosecution presented substantial evidence of Easley's involvement in the charged drug-trafficking offenses. In reply, Easley reiterates that the prosecution made the statement in question, that the statement was false, and that the statement was prejudicial to his right to a fair trial, because it occurred right before the jury went into deliberations.

The trial transcript filed in the underlying criminal case (CR 05-4107, docket no. 91) does not reveal whether or not the prosecutor ever made the statement in question, because it shows only that the closing arguments were reported, but not transcribed. Trial Transcript, Vol. 3, p. 300, *l.* 7. However, the court has reviewed a real time transcript of the closing arguments in Easley's criminal trial, which either party could also have requested. That real time transcript reveals that the prosecutor's only reference to drug-trafficking by the defendant in Omaha was a reference to "investigations" on July 21, 2005. Real Time Transcript, Closing Arguments, p. 1, *ll.* 12-13. The court does not find that the prosecutor ever even used the word "conviction" in reference to Easley. Thus, this claim fails on the facts, because there was nothing for Easley's counsel to object to, and, consequently, no deficient performance and no prejudice from that deficient performance. *See Ledezma-Rodriguez*, 423 F.3d at 836 (an ineffective assistance of counsel claim requires proof of both deficient performance and prejudice thereform); *see also Strickland*, 466 U.S. at 687.

Easley is not entitled to relief on this claim.

### d.     Failure to object to irrelevant evidence

Easley argues, next, that his counsel was ineffective for failing to object at trial or on appeal to evidence that was irrelevant to the charges in the Indictment, consisting of drugs seized in Omaha in July 2005. Easley contends that the drugs seized in Omaha were not included in the Indictment in his federal case in Iowa and that he should not have been put on trial for drugs from another pending case. The respondent argues that powder cocaine, which was found in Omaha, is used to manufacture crack cocaine, the drug at issue in the federal case in Iowa, and that possession of drugs constitutes admissible evidence of a defendant's participation in a conspiracy to distribute drugs. Here, the respondent argues that Easley's possession of drugs in Omaha constituted part of the factual setting for the conspiracy charged in the Iowa federal case. Therefore, the respondent asserts that Easley's counsel was not ineffective for failing to object to introduction of the drugs found in Omaha.

First, Easley's counsel did not perform deficiently as to the drug evidence from the incident in Omaha in July 2005, because counsel had filed a motion to suppress that evidence, and even after that motion was overruled, he continued to object to the evidence at trial and was granted a standing objection to such evidence. *See* Respondent's Exhibit 1, Counsel's Affidavit, ¶ 8. Under the circumstances, the court cannot find that counsel performed deficiently. *See Ledezma-Rodriguez*, 423 F.3d at 836 (the claimant must first establish that counsel's performance was deficient).

Second, Easley cannot establish prejudice. In *United States v. Logan*, 121 F.3d 1172 (8th Cir. 1997), the Eighth Circuit Court of Appeals held that "evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." *Logan*, 121 F.3d at 1178; *see also United States*

*v. Ironi*, 525 F.3d 683, 687 (8th Cir. 2008) (recognizing that even possession of user-quantities of a controlled substance is relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs). Moreover, "[e]vidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred. . . . Such evidence is admitted because 'the other crime evidence "completes the story" or provides a "total picture' of the charged crime.'" *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (quoting *United States v. Forcelle*, 86 F.3d 838, 842 (8th Cir. 1996)). Evidence of Easley's possession of powder cocaine, a precursor of crack cocaine, in Omaha in July 2005, fell within the period of the alleged crack cocaine conspiracy, from about September 2003 through September 2, 2005. Thus, such evidence was "intrinsic" evidence of the charged conspiracy, and was admissible, even over counsel's objections. *Rice*, 449 F.3d at 897 (prejudice requires a showing that there is no "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" (quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same).

Easley is not entitled to relief on this claim.

### e. *Failure to challenge the existence of the conspiracy*

Easley's penultimate allegation of ineffective assistance of counsel is that counsel failed to challenge the existence of the conspiracy, either at trial or on direct appeal. Easley contends that, at most, the prosecution presented a series of witnesses who bought small amounts of crack cocaine from him, but no evidence of any agreement among the purported conspirators to distribute crack cocaine or to put their money together to buy a large quantity of crack cocaine and then split the profits of sale of that crack cocaine.

Thus, he contends that, at most, the evidence showed mere buyer-seller relationships. The respondent contends that it presented evidence of cooperating witnesses that they made on-going purchases of crack cocaine from Easley over time pursuant to particular arrangements that were communicated at or about the time of these transactions. The respondent also points out that it presented expert testimony regarding the general nature of crack cocaine distribution and conspiracies to distribute crack cocaine that was consistent with the conduct of the defendant. Therefore, the respondent asserts that it presented substantial evidence of a "loose-knit" conspiracy to distribute crack cocaine in which Easley was involved. The respondent also points out that Easley's counsel challenged the testimony of the prosecution's witnesses at trial, but he reasonably decided not to challenge the existence of the conspiracy on appeal, because there was no non-frivolous ground to do so. In reply, Easley contends that the evidence of a conspiracy was inadequate and that reasonable counsel would have known that the existence of a conspiracy would not be upheld on appeal.

As the Eighth Circuit Court of Appeals has explained,

> A defendant challenging the sufficiency of the evidence in a conspiracy case has a heavy burden. *United States v. Jiminez-Perez,* 238 F.3d 970, 973 (8th Cir. 2001). The government need only show that those involved operated pursuant to a common scheme or had a tacit understanding, rather than a formal agreement. *United States v. Hoelscher,* 914 F.2d 1527, 1534 (8th Cir. 1990). Because the details of a conspiracy often are shrouded in secrecy, circumstantial evidence and inferences from the parties' actions may be used to establish the conspiracy's existence. *United States v. Sparks,* 949 F.2d 1023, 1027 (8th Cir. 1991). Finally, evidence of the parties' association, although not in itself enough to establish a conspiracy, is a relevant factor. *United States v. Ivey,* 915 F.2d 380, 384 (8th Cir. 1990).

*United States v. Mickelson*, 378 F.3d 810, 821 (8th Cir. 2004).

In this case, the court finds that Easley's counsel did not perform deficiently in failing to challenge the existence of a conspiracy at trial; indeed, the record shows that counsel did vigorously question witnesses to try to dispel the notion that there was any concerted action or anything more than a buyer-seller relationship among the alleged co-conspirators. Thus, the court is not convinced that counsel's performance at trial was deficient in the least. *See Rice*, 449 F.3d 897 (the "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" (quoting *Strickland*, 466 U.S. at 687)). Although the record does suggest that the conspiracy was "loose-knit," as the respondent acknowledges, the court also finds that counsel's decision not to challenge the existence of the conspiracy on appeal was a reasonable strategic decision. The deficient performance prong for appellate counsel is rigorous, because "experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." *United States v. Brown,* 528 F.3d 1030, 1034 (8th Cir. 2008) (citing *Jones v. Barnes,* 463 U.S. 745, 751 (1983)). Absent contrary evidence, it is assumed that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy. *Brown,* 528 F.3d at 1033. There is nothing to the contrary here.

Moreover, while not overwhelming, the evidence of a conspiracy here was more than sufficient to defeat Easley's contention that he was prejudiced by counsel's failure to challenge the existence of the conspiracy, had counsel actually failed to do so. There was more than sufficient evidence to raise inferences of the existence of a conspiracy, so that Easley cannot show that there is any reasonable probability that, but for counsel's

purported failure to challenge the existence of the conspiracy, the results of his trial would have been different. *Rice*, 449 F.3d at 897 (prejudice requires a showing that there is no "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" (quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same).

Easley is not entitled to any relief on this claim, either.

### *f.* *Failure to challenge multiplicitous counts*

Easley's last ineffective assistance of counsel claim is that counsel failed to challenge Counts 1 and 2 as charging the same offense at trial and on direct appeal. He contends that both counts involved the same drugs, the same dates, and the same alleged accomplices. Thus, he argues that he was convicted twice of the same offense, a single violation of 21 U.S.C. § 841. The respondent apparently overlooked this claim in its briefing.

Notwithstanding the failure of the respondent to address this claim, "It is well established that '[t]he commission of a substantive offense and a conspiracy to commit that offense are two separate and distinct crimes.'" *United States v. Muza*, 788 F.2d 1309, 1312 (8th Cir. 1986) (quoting *United States v. Shigemura,* 682 F.2d 699, 705 n.11 (8th Cir. 1982), *cert. denied,* 459 U.S. 1111 (1983)); *see also United States v. Rodgers* 18 F.3d 1425, (8th Cir. 1994) (prosecution for conspiracy to distribute drugs after acquittal on possession with intent to distribute charges did not violate double jeopardy, because the offenses were not the "same," in that each required proof of an element not required to prove the other); *United States v. Miller*, 995 F.2d 865, 868 (8th Cir. 1993) (a conviction for conspiracy to manufacture and to distribute methamphetamine was not the same offense as a prior conviction for distribution). Therefore, counsel was not deficient in failing to

assert that the two counts of the indictment charged the same offense, because counsel does not perform deficiently by failing to assert a frivolous claim. *See Strickland*, 466 U.S. at 689 (counsel does not render ineffective assistance by failing to make frivolous arguments); *see also Davis*, 406 F.3d at 510 (counsel did not provide ineffective assistance where no viable appellate claim existed). Nor was Easley prejudiced by counsel's failure to assert such an argument, where the argument was contrary to established law and could not have led to a different result. *Rice*, 449 F.3d at 897 (prejudice requires proof that there is a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" (quoting *Strickland*, 466 U.S. at 694)); *Davis*, 423 F.3d at 877 (same).

Thus, Easley is not entitled to any relief on his final claim of ineffective assistance of counsel.

### E. Prosecutorial Misconduct

Easley's last two claims are claims for prosecutorial misconduct. Specifically, Easley reiterates contentions from his ineffective assistance of counsel claims that the prosecutor engaged in misconduct in the following ways: (a) making an improper closing argument that Easley had been convicted of a drug-trafficking offense in Omaha, when that charge was still pending at the time of trial; and (b) entering drugs as evidence that were not charged in the Indictment. Because both prosecutorial misconduct claims are companions to Easley's claims, considered above, that his counsel was ineffective in failing to challenge prosecutorial misconduct, the court finds it unnecessary to reiterate Easley's arguments that the prosecutor engaged in misconduct and that such misconduct was prejudicial.

### 1.    *Applicable standards*

A prosecutorial misconduct claim presents mixed questions of fact and law. *Herrin v. United States*, 349 F.3d 544, 546 (8th Cir. 2003).  Relief from prosecutorial misconduct is only appropriate "'when the defendant can show that the prosecutor's remarks were improper and that the remarks prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial.'"  *United States v. Christians*, 200 F.3d 1124, 1128 (8th Cir. 1999) (direct appeal case, quoting *United States v. Malone*, 49 F.3d 393, 398 (8th Cir. 1995)); *United States v. Davis*, 154 F.3d 772, 784-85 (8th Cir. 1998) (also on direct appeal, applying this same two-step analysis, citing *United States v. Hernandez*, 779 F.2d 456, 458 (8th Cir. 1985), to allegations that the prosecutor elicited prejudicial testimony). Similarly, in a case for *habeas* relief by a state prisoner pursuant to 28 U.S.C. § 2254, the Eighth Circuit Court of Appeals recently explained,

> Improper remarks by the prosecutor can violate the Fourteenth Amendment if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974).  "The court should only grant habeas corpus relief if the state's 'closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial.'" *Weaver v. Bowersox,* 438 F.3d 832, 840 (8th Cir. 2006), *cert. dismissed sub nom Roper v. Weaver,* 550 U.S. 598, 127 S. Ct. 2022, 167 L. Ed. 2d 966 (2007), (quoting *James v. Bowersox,* 187 F.3d 866, 869 (8th Cir. 1999)).  Relief will be granted only upon a showing of a reasonable probability that the outcome would have been different but for the improper statement. *Shurn v. Delo,* 177 F.3d 662, 667 (8th Cir. 1999).

*Barnett v. Roper*, 541 F.3d 804, 812-13 (8th Cir. 2008).  This court believes that a prosecutor's improper remarks can impinge upon a defendant's right to a fair trial, whether

that right arises from the Fourteenth Amendment, in the case of a state defendant, or the Fifth Amendment, in the case of a federal defendant.

### 2. Analysis

Here, both of Easley's prosecutorial misconduct claims fail, because Easley cannot show that the prosecutor acted improperly. *See Christians*, 200 F.3d at 1128; *Davis*, 154 F.3d at 784. Specifically, Easley's version of the facts as to the prosecutor's alleged comment that Easley had been "convicted" of a drug-trafficking offense in Omaha, when that charge was still pending, is contrary to the record, where the real time transcript of the closing arguments shows that the prosecutor made no such comment, only a reference to "investigations" of drug-trafficking offenses in Omaha in July of 2005. Real Time Transcript, Closing Arguments, p. 1, *ll.* 12-13. Similarly, it was not improper for the prosecutor to introduce evidence of the drugs seized in Omaha, because "evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element," *Logan*, 121 F.3d at 1178; *see also Ironi*, 525 F.3d at 687 (recognizing that even possession of user-quantities of a controlled substance is relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs), and the drug activity in Omaha was "intrinsic" evidence of the drug conspiracy with which Easley was charged in federal court in Iowa. *Johnson*, 463 F.3d at 808 (defining "intrinsic" evidence). Thus, the prosecutor properly introduced evidence of Easley's possession of powder cocaine, a precursor of crack cocaine, in Omaha in July 2005, which fell within the period of the alleged crack cocaine conspiracy, from about September 2003 through September 2, 2005.

Thus, Easley also is not entitled to any relief on his prosecutorial misconduct claims.

## F.  Certificate of Appealability

Denial of Easley's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein.  The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)**  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> \* \* \*
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b).  To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569.  Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Easley has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Easley's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Easley does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III. CONCLUSION

Upon the foregoing, petitioner Alton J. Easley's December 17, 2007, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 14th day of September, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA